IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GORDON MARSH,                )
                             )
    Plaintiff,                )
                             )
v.                           )    CIVIL ACT. NO.  2:17cv142-WKW
                             )               (WO)
BAPTIST HEALTH, *et al.*,    )
                             )
    Defendants.              )

**RECOMMENDATION OF THE MAGISTRATE JUDGE and ORDER**

The plaintiff, Gordon Marsh ("Marsh"), purports to bring state law claims of respondeat superior; negligent training, supervision and retention; negligence; invasion of privacy; and conspiracy claims against employees of as well as The Health Care Authority for Baptist Health, an Affiliate of UAB Health System d/b/a Baptist Medical Center East and d/b/a Baptist Medical Center South[1] for allegedly improperly accessing and releasing his confidential medical and health information.[2]  He also alleges a claim of conspiracy pursuant to 42 U.S.C. § 1985(2).  *See* Doc. # 1.

---

[1] The plaintiff names as defendants Baptist Health, Baptist Medical Center East and Baptist Medical Center South.

[2] The law is clear that the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA") provides no private cause of action which the plaintiff rightly does not contest. *Bradley v. Pfizer, Inc*., 440 F. App'x 805, 809 (11th Cir. 2011) ("In addition, though we have never addressed the issue, the Fifth Circuit and numerous district courts have concluded that there is no private right of action for a violation of HIPAA's confidentiality provisions."); *Sneed v. Pan American Hosp*., 370 F. App'x 47, 50 (11th Cir. 2010) ("We decline to hold that HIPAA creates a private cause of action."); *Crawford v. City of Tampa*, 397 F. App'x 621, 623 (11th Cir. 2010) ("we agree that no private right of action exists under the Health Insurance Portability and Accountability Act.").
   Moreover, Marsh is adamant that he is not alleging claims arising from the defendants' alleged violations of HIPAA. *See* Doc. # 17 at 4, ¶ 4.

The court has supplemental jurisdiction of the plaintiff's state law claims pursuant to 28 U.S.C. § 1367 if the court has jurisdiction over the plaintiff's conspiracy claim pursuant to its federal question jurisdiction, 28 U.S.C. § 1331.[3] Now pending before the court is the defendants' motion to dismiss (doc. # 11). The plaintiff has filed a response to the motion to dismiss. (Doc. # 17). After careful review of the defendants' motion to dismiss, and the plaintiff's response in opposition, the court concludes that the motion to dismiss (doc. # 11) is due to be granted. The court also concludes that it should not exercise supplemental jurisdiction over the plaintiff's state law claims, and this case should be dismissed.

**STANDARD OF REVIEW**

Federal courts are courts of limited jurisdiction, and it is a basic premise of federal court practice that the court must have jurisdiction over the subject matter of the action before it can act. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). That is, a federal court has only the power to hear cases as authorized by the Constitution or the laws of the United States, *see Kokkonen*, 511 U.S. at 377, and is required to inquire into its jurisdiction at the earliest possible point in the proceeding. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990).

---

[3] It is undisputed that there is not diversity jurisdiction in this matter.

In ruling on a motion to dismiss for failure to state a claim on which relief can be granted, the court must accept well-pled facts as true, but the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").[4] In evaluating the sufficiency of a plaintiff's pleadings, the court must indulge reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.. See also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S. at 679 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if

---

[4] In response to the defendants' motion to dismiss, the plaintiff cites only to Alabama law. However, because the plaintiff seeks to invoke this court's federal question jurisdiction, the court looks to federal law to determine the appropriate standard of review.

3

doubtful in fact)." *Id.* (internal citations and emphasis omitted).

In *Iqbal*, the Supreme Court reiterated that although FED.R.CIV.P. 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. The mere possibility a defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id*. at 679. The well-pled allegations must nudge the claim "across the line from conceivable to plausible."

## DISCUSSION

### A. Conspiracy Claim pursuant to 42 U.S.C. § 1985(2)

The only federal claim the plaintiff alleges against the defendants is a conspiracy among the defendants pursuant to 42 U.S.C. § 1985(2). The crux of the plaintiff's claims are found in the following paragraph:

> 129. BAPTIST MEDICAL CENTER EAST, BAPTIT (sic) MEDICAL CENTER SOUTH, BAPTIST HEALTH, SIM PENTON, HENRY ROY, HEIDI WARD, and REID STRICKLAND committed a violation of 42 U.S.C. § 1985(2) when they "conspired together for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws." This violation occurred when the defendants entered into an agreement to achieve an illegal objective of covering up the violation of the Plaintiff's privacy rights and withholding material evidence in a criminal case. The defendants committed an overt act in furtherance of those illegal objectives by lying under oath, destroying evidence, failing to comply with a Motion to Preserve Evidence, failing to comply with a Motion to Compel, and failing to comply with a judge's order compelling evidence. These acts all caused significant injury to the Plaintiff.

(Doc. # 1 at 30, ¶ 129) (footnote omitted)

4

The plaintiff alleges that the defendants participated in the alleged conspiracy by their actions in the plaintiff's criminal case in the Circuit Court of Montgomery County, Alabama. (*Id.*, at 31, ¶ 132). Although the plaintiff clearly asserts a conspiracy claim pursuant to 42 U.S.C.§ 1985(2), he does not specific which type of conspiracy he is pursuing.[5]

> "Section 1985(2) provides a cause of action for two types of conspiracies: "[T]he first four clauses of [§] 1985(2) refer to conspiracies that are designed to obstruct the course of justice in any court of the United States" while "the last two clauses of [§] 1985(2) refer to conspiracies designed to deny or interfere with equal protection rights." *See Bradt v. Smith*, 634 F.2d 796, 801 (5th Cir. Unit A Jan. 1981) (internal quotation marks omitted).

*Jimenez v. Wizel*, 644 F. App'x 868, 873 (11th Cir.) *certiorari denied* 127 S.Ct. 203 (2016) (alterations in original).

The plaintiff has failed to state a cause of action under either conspiracy theory. The first type of conspiracy pursuant to 42 U.S.C. § 1985(2) "applies only to conspiracies to deter or alter testimony in any federal court proceeding." *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1039 (11th Cir. 2000). The law is well-established that to recover for

---

[5] 42 U.S.C. § 1985(2), in its entirety, provides as follows:

(2) **Obstructing justice; intimidating party, witness, or juror**.
 If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

"conspiracies that are designed to obstruct the course of justice" under the first prong of 42 U.S.C. § 1985(2), the plaintiff must allege "a nexus between the alleged conspiracy and a proceeding in federal court." *Bradt v. Smith*, 634 F.2d 796, 801 (5th Cir. Unit A 1981).[6]

> Federal law prohibits a conspiracy to deter a party or witness from attending a "court of the United States." 42 U.S.C. §1985(2). The phrase "court of the United States" refers to Article III courts and the courts specified in 28 U.S.C. § 451. *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1035 n. 2 (11th Cir.2000) (*en banc*); *see also* 28 U.S.C. § 451 (deeming the Court of International Trade and certain courts created by Congress as courts of the United States).

*Bloodworth v. United States*, 623 F. App'x 976, 978 (11th Cir. 2015).

In his complaint, Marsh alleges that the conspiracy occurred in his criminal case in the state courts of Montgomery, Alabama. Nowhere in his complaint does Marsh assert that the alleged conspiracy was linked to a federal proceeding. The other clauses of 42 U.S.C. 1985(2) "refer to conspiracies designed to deny or interfere with equal protection rights." *Bradt*, 634 F.2d at 801. Thus, to recover under this conspiracy, Marsh "must show a racial or otherwise class-based discriminatory animus." *Id*. Marsh alleges no facts whatsoever to suggest that racial or class based discriminatory animus form the basis of his conspiracy claim.

Relying on *Kush v. Rutledge*, 460 U.S. 719 (1983), Marsh argues in opposition to the defendants' motion to dismiss, that he is not required to demonstrate "racial or class-based invidiously discriminatory animus." *See* Doc. # 17 at 5. Marsh is correct insofar as it is not

---

[6] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

necessary to allege discriminatory animus in conspiracies in federal judicial proceedings. *See Kush*, 460 U.S. at 724. However, Marsh conflates the two different types of conspiracies. In "conspiracies to obstruct the court of justice in state courts," the statute requires "that the conspirators' actions be motivated by an intent to deprive their victim[]of the equal protection of the laws." *Id*. Because Marsh does not assert a conspiracy to obstruct justice in a federal proceeding and because he does not assert that the state criminal court proceedings were tainted by racial or class-based discriminatory animus, the court concludes that Marsh has failed to state a claim for relief could be granted pursuant to 42 U.S.C. § 1985(2).

Finally, the plaintiff's conspiracy claim is due to be dismissed because of the conclusory, vague and general nature of the allegations of a conspiracy. *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). "In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to simply aver in the complaint that a conspiracy existed." *Fullman*, 739 F.2d at 557. "It is by now axiomatic that a conspiracy requires a meeting of the minds between two or more persons to accomplish a common and unlawful plan." *McAndrew*, 206 F.3d at 1036. The court has carefully reviewed the plaintiff's complaint. Other than his own conclusory allegations, he has aleged no facts that even remotely suggest that these defendants entered into an agreement to violate his rights. Thus, the court concludes that the plaintiff's bare allegations of a conspiracy are insufficient to support a claim for relief under 42 U.S.C. § 1985(2), and his conspiracy claim is due to be dismissed.

## B. State Law Claims

Having determined that the court does not have jurisdiction over the plaintiff's federal claim, the court declines to exercise supplemental jurisdiction over the plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. These claims should be dismissed without prejudice.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the defendants' motion to dismiss be GRANTED, and that the plaintiff's federal conspiracy claim be DISMISSED. It is further the RECOMMENDATION of the Magistrate Judge that the plaintiff's state law claims be DISMISSED without prejudice, and that this case be DISMISSED.

Finally, it is

ORDERED that the parties shall file any objections to this Recommendation on or before **May 30, 2017.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein*

*v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 16th day of May, 2017.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE