IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GORDON MARSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-CV-142-WKW |
| | ) | [WO] |
| BAPTIST HEALTH, BAPTIST | ) | |
| MEDICAL CENTER EAST, | ) | |
| BAPTIST MEDICAL CENTER | ) | |
| SOUTH, HENRY ROY, REID | ) | |
| STRICKLAND, HEIDI WARD, | ) | |
| and SIM PENTON, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the court is the Recommendation of the Magistrate Judge. (Doc. # 21.) On May 30, 2017, Plaintiff Gordon Marsh filed objections to the Recommendation. (Doc. # 22.) The court has conducted an independent and *de novo* review of those portions of the Recommendation to which objection is made, *see* 28 U.S.C. § 636(b), and concludes that Mr. Marsh's objections are due to be overruled.

In the Recommendation, the Magistrate Judge found as a matter of law that Mr. Marsh failed to state a claim under 42 U.S.C. § 1985(2), because he did not allege a nexus between the purported conspiracy and a federal-court proceeding and because he did not allege a race- or class-based animus motivated Defendants'

actions. Further finding that Mr. Marsh factual allegations were too conclusory and vague to state a conspiracy claim, the Magistrate Judge recommended dismissal of Mr. Marsh's § 1985 claim. Because the § 1985 claim is the sole federal-law claim anchoring the court's supplemental jurisdiction over Mr. Marsh's state-law claims, the Magistrate Judge went on to recommend dismissal of the state-law claims under 28 U.S.C. § 1367. Mr. Marsh objects to the Magistrate Judge's legal and factual determinations.[1] His objections will be addressed in turn.

Mr. Marsh takes issue with the Magistrate Judge's accurate description of the § 1985(2) case law. He argues that subsection (2) "does not necessarily require a claim of conspiracy in a federal proceeding." (Doc. # 22 at 4.) This much is true. As explained by the Eleventh Circuit, subsection (2) provides two separate causes of action: "The first four clauses of § 1985(2) refer to conspiracies that are designed to obstruct the course of justice in any court of the United States while the last two clauses of § 1985(2) refer to conspiracies designed to deny or interfere with equal protection rights." *Jimenez v. Wizel*, 644 F. App'x 868, 873 (11th Cir.), *cert. denied*, 137 S. Ct. 203 (2016) (quoting *Bradt v. Smith*, 634 F.2d 796, 801 (5th Cir. Unit A Jan. 1981) (alterations and internal quotation marks omitted). To bring a claim under the first four clauses, "the plaintiff must . . . 'show a nexus between the alleged

---

[1] Mr. Marsh also objects, in a conclusory two-sentence paragraph, to the recommendation of dismissal of his state-law claims. As the Magistrate Judge warned Mr. Marsh, such "frivolous, conclusive, or general objections will not be considered." (Doc. # 21 at 8.)

2

conspiracy and a proceeding in federal court.'" *Id.* (quoting *Bradt*, 634 F.2d at 801). A claim under the last two clauses requires a plaintiff to "show a racial or otherwise class-based discriminatory animus." *Id.* (quoting *Bradt*, 634 F.2d at 801). Thus, Mr. Marsh need not allege a federal-court nexus if, and only if, his claim arises under the last two clauses of subsection (2).

However, Mr. Marsh has disclaimed any intent to proceed under the second part of § 1985(2). (Doc. # 22 at 4 ("Plaintiff does not intend to convey that discrimination occurred based on race or class.").) Similarly, he does not allege any facts in his complaint suggesting that his conspiracy claim is rooted in race- or class-based discrimination. (*See* Doc. # 1.) As a result, Mr. Marsh's § 1985 claim may only proceed if he has alleged a nexus between the conspiracy and a federal-court proceeding. *Jimenez*, 644 F. App'x at 873.

To that end, Mr. Marsh argues that he has established the requisite nexus because the alleged conspiracy deals with a proceeding before the U.S. Department of Health and Human Services and the Office of Civil Rights. But the law requires "a nexus between the alleged conspiracy and a proceeding *in federal court*," not a proceeding before a federal agency. *Id.* (quoting *Bradt*, 634 F.2d at 801) (emphasis added). Mr. Marsh has not cited any cases supporting his argument that a proceeding before a federal agency can satisfy the nexus requirement. Rather, the law clearly requires a connection to a proceeding in federal *court* to state a claim under the first
3

part of § 1985(2). *Bloodworth v. United States*, 623 F. App'x 976, 978 (11th Cir. 2015) (reading § 1985(2) to require a connection to "Article III courts and the courts specified in 28 U.S.C. § 451"). Mr. Marsh has not alleged such a connection, and therefore his objection is due to be overruled.

Next, Mr. Marsh objects to the Magistrate Judge's finding that his complaint's factual allegations were too "conclusory, vague and general" to state a claim. (Doc. # 21 at 7.) This objection is due to be overruled as well. Although Mr. Marsh has alleged that Defendants discussed his underlying criminal case, he has not alleged the meeting of the minds required to establish a conspiracy. *See McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000) (*en banc*). Therefore, the Magistrate Judge correctly found Mr. Marsh's factual allegations insufficient.

Accordingly, it is ORDERED that Plaintiff Gordon Marsh's objection (Doc. # 22) is OVERRULED and the Recommendation of the Magistrate Judge (Doc. # 21) is ADOPTED. It is further ORDERED that this action is DISMISSED without prejudice for failure to state a claim.

A final judgment will be entered separately.

DONE this 26th day of June, 2017.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE